UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-291-VBF (KK) | Date: | January 26, 2021 |
| Title: | *Jerome Barboza v. United States Department of Justice Federal Bureau of Prisons* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed

On June 15, 2020, Petitioner Jerome Barboza ("Petitioner"), a federal inmate currently detained at USP-Victorville, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") in the United States District Court for the District of Massachusetts ("District of Massachusetts"). ECF Docket No. ("Dkt.") 1, Pet. On January 13, 2021, the Petition was transferred to this Court. Dkt. 4. While not entirely clear, Petitioner appears to argue that his federal sentence has expired because he has been in federal custody since 2018. Pet. at 4. It appears, however, the Petition is subject to dismissal because Petitioner is still serving his federal sentence imposed for a violation of supervised release. The Court will nonetheless allow Petitioner an opportunity to address this issue prior to dismissing the Petition.

On March 11, 2009, Petitioner pled guilty to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) in United States District Court in the District of Massachusetts. USA v. Jerome Barboza, 1:08-CR-1040-001-MLW, dkt. 31, Judgment. Petitioner was sentenced to 24 months in federal custody and 48 months of supervised release. Id.

On February 22, 2021, Petitioner was released from federal custody and began serving the supervisory portion of his 2009 sentence. See id., dkt. 45.

On September 13, 2013, Petitioner pled guilty in Bristol Superior Court to armed assault with attempt to murder, carrying firearm without license, and carrying firearm with ammunition. Id., dkt. 45. Petitioner was sentenced to five-and-a-half to ten years in state custody and a four-year term of probation. Id.

On October 25, 2013, the United States Probation Office submitted a Request for Writ of Habeas Corpus ad Prosequendum requesting Petitioner appear for his federal revocation hearing. Id.

On April 27, 2015,[1] pursuant to the Request, the Court issued a Writ of Habeas Corpus ad Prosequendum.  Id., dkt. 49.  On April 29, 2015, Petitioner appeared in the District of Massachusetts for a Final Hearing re: Revocation of Supervised Release.  Id., dkt. 51.  Petitioner was found to be in violation of his term of supervised release and was sentenced to one year and a day in federal custody "to be served consecutive to the [Petitioner's] state sentence," plus 36 months of supervised release.  Id., dkt. 52.

On June 15, 2020, Petitioner filed the instant Petition, which was transferred to this Court on January 13, 2021, appearing to argue his federal sentence has expired because he was "transferred to [a] federal facility" on December 12, 2018.  Dkt. 1, Pet.

As stated in the District of Massachusetts Order dated May 29, 2020, however, "it appears that [Petitioner] was serving his state sentence in a federal facility, and was released from that sentence to federal custody on May 21, 2020."  Id., dkt. 55.  In other words, Petitioner's federal sentence did not commence until May 21, 2020 despite the fact that Petitioner may have been transferred into federal custody in 2018 while still serving his state sentence of five-and-a-half to ten years.[2]  This Court's review of the Federal Bureau of Prisons' Inmate Locator indicates Petitioner's projected release date of March 28, 2021 is consistent with a one year and a day federal sentence commencing on May 21, 2020.   See Find an Inmate, FEDERAL BUREAU OF PRISONS (last visited January 26, 2021 at 12:35 PM), https://www.bop.gov/inmateloc/.

For the above reasons, the Petition appears subject to dismissal because Petitioner remains in federal custody on his federal sentence of one year and a day.  Hence, no later than **February 16, 2021, Petitioner is ORDERED TO SHOW CAUSE in writing** why the Petition should not be dismissed by explaining why the deficiency referenced above does not warrant dismissal.

Alternatively, **Petitioner may voluntarily dismiss the action without prejudice** pursuant to Federal Rule of Civil Procedure 41(a) by filing a voluntary dismissal of this action.  The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.  However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1).  28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

---

[1] The Writ is dated April 27, 2014.  USA v. Jerome Barboza, 1:08-CR-1040-001-MLW, dkt. 49.  However, in light of the docket activity including the scheduling minutes and minutes of the revocation hearing, id., dkts. 47, 48, 50, it appears the Writ was issued on April 27, 2015.

[2] Petitioner states in the Petition that he was transferred into federal custody on December 12, 2018.  Pet. at 2-3.

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court's denial of the instant Petition and/or dismissal of this action without prejudice for his failure to comply with court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order and a Notice of Dismissal form on Petitioner at his current address of record.

**IT IS SO ORDERED.**